# EXHIBIT 1

## Transcript Excerpt
## *Climate United Fund v. Citibank, N.A. (25-5122)*

Audio                                      February 24, 2026
Climate United Fund Vs. Citibank

Page 1

UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA
CASE NUMBER 25-5122

---------------------------------
CLIMATE UNITED FUND,

              Plaintiff,

    vs.

CITIBANK, N.A.,

              Defendant.
---------------------------------

HEARING BEFORE
HON. SRIKANTH SRINIVASAN
HON. PATRICIA MILLETT
HON. CORNELIA PILLARD
HON. ROBERT WILKINS
HON. GREGORY KATSAS
HON. NEOMI RAO
HON. JUSTIN WALKER
HON. JULIANNA MICHELLE CHILDS
HON. FLORENCE PAN
HON. BRADLEY GARCIA

At The United States Court of Appeals
for the DC Circuit
February 24, 2026
9:30 A.M.

Transcribed by:  Tracy D. Daniels, RPR
Notary Public

Audio                                              February 24, 2026
Climate United Fund Vs. Citibank

Page 2

APPEARANCES

Counsel for EPA:
Jacob (Yaakov) M. Roth, Esq.
Principal Deputy Assistant Attorney General
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC 20530-0001

Counsel for Citibank:

Kenneth Winn Allen,  Esq.
Kirkland & Ellis LLP
1301 Pennsylvania Avenue, N.W.
Washington, D.C. 20004

Counsel for Private Grantees:

Adam G. Unikowsky, Esq.
Jenner & Block
1099 New York Avenue, NW
Suite 900
Washington, DC 20001-4412

Counsel for State Banks:
Diana Li Kim, Esq.
California Department of Justice
455 Golden Gate Ave.
Ste. 11000
San Francisco, CA 94102-7020

Audio
Climate United Fund Vs. Citibank

February 24, 2026

Page 3

CONTENTS

Page

Argument by Mr. Roth                4, 87

Argument by Mr. Allen              82

Page 62

terminate the contracts.  They only argued -- they did not argue the dismantling claim under the APA. The district court did not address the dismantling claim under the APA.

So even if that dismantling finding is credited, it only goes to the so-called separation of powers statutory argument.  And then that argument has now changed because Congress has, in fact, dismantled this program.  Am I matching up the claims correctly with the facts?  I mean, the facts -- they're different claims that were brought by Plaintiffs under the APA and under the so-called separation of powers statutory claim.

MR. ROTH:  Yes, Your Honor, I think you are correctly aligning them.  The claims that the district court ruled on were three.  One, violation -- violate -- the terminations violated the terms of the grants.  It's a contract claim. Two, the terminations violated the regulations because it was inconsistent with the terms, contract claim under Ingersoll Rand.  And third, EPA intended to dismantle the program, and you can't do that whether that's statutory or constitutional.

THE COURT:  But that's the equitable claim.

Page 63

MR. ROTH:  That's the claim on which our point is, okay, well, then the remedy would be restore the program.

THE COURT:  So that finding doesn't actually matter for the APA claim because they never brought a dismantling as contrary to law under the APA claim, either in the district court or before the panel.  They are now trying to recharacterize it in their briefs here, arguably.

MR. ROTH:  I think that's correct, Your Honor.

THE COURT:  Can I just ask you on that score?  So on page 20 of your reply brief, there's a paragraph being as to start the remedy for a constitutional claim, parentheses, or an APA claim, parentheses, the challenges of an alleged dismantling of a statutory program.

So that at least hypothesizes there is an APA claim that deals with dismantling.

MR. ROTH:  They've started to raise it in their briefs.  I think at least one of the grant -- one of the briefs in this court and on bank proceedings has made the argument, but it wasn't the argument below.  It was during the panel stage.  I understood Judge Brown at the outset.