IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| **RHODE ISLAND AFL-CIO**<br><br>**RHODE ISLAND CENTER FOR JUSTICE**<br><br>**ANH NGUYEN**<br><br>**SOLAR UNITED NEIGHBORS**<br><br>**SUNPATH CONSULTING LLC d/b/a SUNPATH SOLAR**<br><br>**2KB ENERGY SERVICES, LLC**<br><br>**ENERGY INDEPENDENT SOLUTIONS**<br><br>**BLACK SUN LIGHT SUSTAINABILITY**<br><br>*Plaintiffs,*<br><br>v.<br><br>**UNITED STATES ENVIRONMENTAL PROTECTION AGENCY**<br><br>**LEE ZELDIN**, in his official capacity as Administrator of the United States Environmental Protection Agency<br><br>*Defendants.* | Case No. 1:25-cv-00510-MSM-PAS |

## PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY

Plaintiffs hereby notify the Court of supplemental authority relevant to Plaintiffs'

Motion for Summary Judgment, Doc. 32. Plaintiffs' Motion cites the Fourth Circuit's decision in

*Sustainability Institute v. Trump*, which left open the path to challenge a high-level agency

decision that terminated an entire grant program, as Plaintiffs do here. *Id.* at 50; Doc. 36 at 21.

The district court in *Sustainability Institute* has now granted summary judgment and vacated EPA's termination of one such program, the Environmental and Climate Justice Block Grant Program. The decision is attached as Exhibit A.

In *Sustainability Institute*, EPA argued—just as it does here—that a challenge to EPA's high-level directive to eliminate a grant program by terminating all the grants that comprised it was subject to the Tucker Act. The court's ruling rejects that argument, explaining that "Plaintiffs seek to vacate . . . 'guidance documents' . . . [that] shuttered the . . . program despite Congress' mandate to the contrary." Ex A at 6. The decision notes that following *National Institutes of Health v. American Public Health Association*, 145 S. Ct. 2658 (2025), numerous courts have found they have jurisdiction in similar situations. *Id.* at 6–7 (collecting cases).

On the merits, the court explained that "[t]he agency guidance requiring a definitive closure of the ECJ Program was final and discrete," and thus reviewable under the Administrative Procedure Act (APA). And it held that under the APA, "Defendants' guidance closing and premature shuttering of the . . . Program and refusal to administer it are illegal." *Id.* at 10 (citing *In re Aiken Cnty.*, 725 F.3d 255, 260 (D.C. Cir. 2013)).

The court vacated the agency's action that ended the grant program in question, just as Plaintiffs request the Court do here. And while the *Sustainability Institute* court denied injunctive relief, it did so noting that the funding in question has a statutory deadline of September 30, 2026, and explaining that *"[u]nder the circumstances noted here* . . . the requested relief appears *impractical.*" *Id.* at 11 (emphases added). With Solar for All, by contrast, the funds Congress appropriated for this purpose do not expire until 2031 and EPA has declared they will remain in its account for the duration of that time, *see* Doc. 32 at 29, so similar concerns about the practicality of injunctive relief in connection with reinstating the program do not apply here.

2

Respectfully submitted, this 15th day of June, 2026,

/s/ James Crowley

James Crowley (R.I. Bar No. 9405)
Alexandra St. Pierre* (MA Bar No. 706739)
Conservation Law Foundation
235 Promenade St.
Suite 560, Mailbox 28
Providence, RI 02908
Telephone: (401) 228-1905
Facsimile: (401) 351-1130
jcrowley@clf.org
aestpierre@clf.org

/s/ Gary DiBianco

Gary DiBianco* (D.C. Bar No. 458669)
Jillian Blanchard* (CA Bar No. 203593)
Amy Powell* (N.C. Bar No. 50300)
Larissa Koehler* (CA Bar No. 289581)
Lawyers for Good Government
6218 Georgia Avenue NW, # 5001
Washington, D.C. 20011
Telephone: (202) 258-6826
Gary@lawyersforgoodgovernment.org
Jillian@lawyersforgoodgovernment.org
amy@lawyersforgoodgovernment.org
Larissa@lawyersforgoodgovernment.org

/s/   Nicholas S. Torrey

Nicholas S. Torrey* (N.C. Bar No. 43382)
David Neal* (N.C. Bar No. 27992)
Kimberley Hunter* (N.C. Bar No. 41333)
Jennifer Whitfield* (D.C. Bar No. 983212)
Ben Grillot* (D.C. Bar No. 982114)
Southern Environmental Law Center
136 E. Rosemary St., Suite 500
Chapel Hill, NC 27514
Telephone: (919) 967-1450
Facsimile: (919) 929-9421
ntorrey@selc.org
dneal@selc.org
kmeyer@selc.org
jwhitfield@selc.org
bgrillot@selc.org

/s/ Amy R. Romero

Amy R. Romero (RI Bar # 8262)
Kevin Love Hubbard* (MA Bar #704772)
DeLuca, Weizenbaum, Barry & Revens, Ltd.
199 North Main Street
Providence, RI 02903
Telephone: (401) 453-1500
Amy@dwbrlaw.com
Kevin@dwbrlaw.com
Cooperating counsel, Lawyers' Committee for RI

*Counsel for Plaintiffs*

*\*Admitted Pro Hac Vice*

3

**CERTIFICATE OF SERVICE**

I hereby certify that on June 15th, 2026, the foregoing Plaintiffs' Notice of Supplemental Authority was filed through the Court's electronic filing system ("ECF"), by which means the document is available for viewing and downloading from the ECF system, and that all participants in the case are registered CM/ECF users and service will be accomplished by the CM/ECF system.

*/s/ Nicholas S. Torrey*
Nicholas S. Torrey (N.C. Bar No. 43382)
Southern Environmental Law Center
136 E. Rosemary St., Suite 500
Chapel Hill, NC 27514
Telephone: (919) 967-1450
Facsimile: (919) 929-9421